Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U S DISTRICT COURT
AUG 13 2003
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| TOM SMITH,<br><br>PLAINTIFF(s) / PETITIONER(s)<br>v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>DEFENDANT(s) / RESPONDENT(s) | CASE NUMBER:<br><br>CV 03-05300 RSWL (SHS)<br><br>NOTICE OF FILING OF<br>MAGISTRATE JUDGE'S REPORT<br>AND RECOMMENDATION |
|---|---|

TO:   All Parties of Record

Tom Smith
#153924-6
Patton California State Prison
3102 E. Highland Ave
Patton, CA. 92369

You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed on **August 12, 2003**, a copy of which is attached.

Any party having objections to the report and recommendation shall, not later than **September 2, 2003**

file and serve a written statement of objections with points and authorities in support thereof before the Honorable **SUZANNE H. SEGAL**, U.S. Magistrate Judge.

Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

The report and recommendation of a Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until the judgment and/or order by the District Judge has been entered.

CLERK, UNITED STATES DISTRICT COURT

Dated: **August 13, 2003**      By __Kimberly Carter__
                                 Deputy Clerk

ENTERED ON ICMS
AUG 13 2003
CV

FILED
CLERK, US DISTRICT COURT

AUG 12 2003

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM SMITH,<br><br>        Petitioner,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>        Respondents. | NO. CV 03-05300-RSWL (SHS)<br><br>REPORT AND RECOMMENDATION OF<br><br>UNITED STATES MAGISTRATE JUDGE<br><br>RE DISMISSAL OF PETITION |

    This Report and Recommendation is submitted to the Honorable Ronald S.W. Lew, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 01-13 of the United States District Court for the Central District of California.

## INTRODUCTION

    On July 24, 2003, Petitioner, a patient confined at Patton State Hospital and proceeding pro se, filed a Petition for Writ of Habeas Corpus (the "Petition"). Petitioner utilized the standard form for habeas petitions pursuant to 28 U.S.C. § 2254, which states on the cover

page that it is a "Petition for Writ of Habeas Corpus By A Person In State Custody." On the cover page, Petitioner stated the following: "I am in custody at said address by Executive Director Bruce Sparks[.] I am not suing him in this Petition. This civil lawsuit is against the Los Angeles Sheriff's Department." Among the grounds on which the Petition is based are "neglect, environmental hazards, medical default and malpractise [sic], mental cruelty, mental anguish, [and] denial of showers." (Petition at 2).

The Petition should be dismissed without prejudice because Petitioner is not challenging his conviction or sentence, a requirement for habeas petitions. Petitioner's action is truly a civil rights action, not an action for habeas relief. It is therefore recommended that the Court deny the Petition and dismiss this action without prejudice to bringing the Petition as a civil rights action under 42 U.S.C. § 1983 ("Section 1983").[1]

\\\
\\\
\\\

---

[1] Section 1983 is the primary mechanism to seek redress for an alleged deprivation of federal constitutional rights by persons acting under color of state law. Section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

## PETITIONER'S CLAIMS

Petitioner is confined at Patton State Hospital, a California state facility that provides mental health treatment to legally committed patients.[2] In the Petition, he alleges various civil rights violations arising from his prior detention at the Los Angeles County Jail, a facility operated by the Los Angeles County Sheriff's Department. (Petition at 2). Petitioner first contends that Sheriff's Officers at the jail denied him showers, clean clothing, and proper medication. (Petition at 5). Second, he alleges that officers asked him about his crime (a sex offense) in front of other inmates. (Petition at 5). Petitioner cites previous incidents (in 1992) when he was physically attacked by inmates after disclosing his offense and asserts a "right to safety" in his environment, as well as a "breach of confidentiality." (Petition at 2, 5).

Third, Petitioner states that he has a sleeping disorder for which he needs a "C-Pap" machine to use while sleeping. (Petition at 6). According to Petitioner, the Sheriff's Department provided him with a broken machine and did not fix it. (Petition at 6). Fourth, Petitioner claims that he was housed with a blind man, who was forced to put his mattress on the floor, and then not placed under observation. (Petition at 6). As a result of this "negligence" and "malpractice," Petitioner alleges, he fell on his blind cellmate after having a seizure himself,

---

[2] Petitioner describes himself as a "mental patient." (Petition at 5).

3

and the cellmate suffered a neck injury.³ (Petition at 6). Finally, Petitioner identifies several unsatisfactory conditions of his cell, such as stains on the walls, dripping water, dim lighting, inadequate ventilation, very little toilet paper, and food he "wouldn't feed a dog." (Petition at 6).

Named as Respondents in the Petition are the County of Los Angeles and the State of California. Petitioner seeks twenty million dollars in damages. (Petition at 7). He also seeks records of "what happened at the jail," including the names of the doctors and nurses who handled his medical charts. (Petition at 7).

## DISCUSSION

The Petition itself reveals that Petitioner is not challenging a state court conviction or sentence. Instead, the Petition focuses on the details of his confinement at the county jail, as set forth above. Petitioner expressly indicates that the Petition concerns "prison discipline" and "other," rather than a conviction or sentence. (Petition at 2). Petitioner has also placed an "X" over those sections of the Petition that require a petitioner to specify the nature of his plea at trial, the kind of trial, and whether he testified at trial. (Petition at 2). Moreover, Petitioner has not named as respondent the

---

³ Petitioner identifies his blind cellmate as an individual named Martin Dixion, who allegedly asked Petitioner to "file on his behalf." (Petition at 5). To the extent Petitioner is bringing constitutional claims on behalf of his cellmate, he is advised that such claims are personal and cannot be asserted vicariously. Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (citing United States v. Mitchell, 915 F.2d 521, 526 n.8 (9th Cir. 1990)).

1 | state officer who has custody over him, as required by the "Rules
2 | Governing Section 2254 Cases in the United States District Courts." 28
3 | U.S.C. foll. § 2254, Rule 2(a). In fact, Petitioner has specifically
4 | stated that he is <u>not</u> suing this individual.

6 | Generally, a state prisoner challenging the fact or duration of his
7 | state conviction or sentence on grounds of alleged violations of federal
8 | rights, and seeking release from imprisonment as a result, does so by
9 | way of a federal habeas corpus petition under 28 U.S.C. § 2254. <u>Preiser</u>
10 | <u>v. Rodriguez</u>, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439
11 | (1973); <u>Sisk v. CSO Branch</u>, 974 F.2d 116, 117 (9th Cir. 1992) (citing
12 | <u>Preiser</u>); see also <u>Bogovich v. Sandoval</u>, 189 F.3d 999, 1002 (9th Cir.
13 | 1999) ("[T]he essence of habeas corpus is an attack by a person in
14 | custody upon the legality of that custody.") (quoting <u>Preiser</u>). In
15 | contrast, the "proper remedy for a state prisoner who is making a
16 | constitutional challenge to the conditions of his prison life, but not
17 | to the fact or length of his custody" is a civil rights action under
18 | Section 1983 and not a habeas action. <u>Preiser</u>, 411 U.S. at 499; <u>see</u>
19 | <u>also</u> <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (citing <u>Preiser</u>);
20 | <u>Crawford v. Bell</u>, 599 F.2d 890, 891-92 (9th Cir. 1979).

22 | Here, as reflected above, Petitioner is not challenging the fact
23 | or duration of a state conviction or sentence, but is complaining about
24 | the conditions of his confinement.[4] In his own words, Petitioner's

---

[4] Though the exact nature of Petitioner's conviction is unclear, it appears that Petitioner was indeed convicted, as he lists the place of conviction and sentencing court ("Los Angeles Superior Court Division 95"). (Petition at 2). It is also unclear whether Petitioner's conviction occurred before or after the harm described in the Petition.

5

chief complaints are "neglect, environmental hazards, medical default and malpractise [sic], mental cruelty, mental anguish, denial of showers, placing [his] and a blind man named Martin Dixon[']s lives in grave danger, [and] breach of confidentiality on cases." (Petition at 2). These matters relate only to the conditions of his confinement at the county jail. Accordingly, Petitioner is not entitled to habeas relief on his claims.

The Court may construe a flawed habeas petition as a civil rights action. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) (per curiam). Doing so in this case, however, would be futile, as the action would be subject to dismissal on multiple grounds if allowed to proceed as a Section 1983 action. The Petition was not accompanied by either the appropriate filing fee or a request to proceed in forma pauperis combined with the necessary certified copy of a prison trust account statement for the preceding six months, as required by 28 U.S.C. § 1915(a). Additionally, there is no indication that Petitioner has exhausted his administrative remedies.[5] Under these

---

[5] The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e(a), which now requires a prisoner confined in any jail, prison, or other correctional facility to exhaust "'such administrative remedies as are available'" before suing over prison conditions under Section 1983. Booth v. Churner, 532 U.S. 731, 733-34, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). While the burden to raise and prove nonexhaustion under 42 U.S.C. § 1997e(a) rests on defendants, rather than plaintiffs, Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), Petitioner will nevertheless be subject to the exhaustion requirement with respect to any civil rights action he may choose to file based on the conditions of his confinement at the county jail.

In June 2003, on some of the same grounds alleged in the Petition, Petitioner filed a tort claim with the Government Claims Branch of the

circumstances, even if the Court treated the current Petition as a Section 1983 action, the Petition would be subject to dismissal.

Therefore, the Petition should be dismissed without prejudice to bringing the Petition as a civil rights action under 42 U.S.C. § 1983 once Petitioner has completely exhausted all levels of his administrative remedies. A copy of the standard form civil rights complaint is attached for Petitioner's use.

## RECOMMENDATION

IT IS RECOMMENDED that the District Court issue an Order: (1) accepting and adopting this Report and Recommendation; (2) denying the Petition; and (3) directing that Judgment be entered dismissing the Petition without prejudice to bringing the Petition as a civil rights action under 42 U.S.C. § 1983.

DATED: August 12, 2003.

SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

---

State of California Victim Compensation and Government Claims Board (the "Board"). (Petition at 4). The Board's response, dated June 27, 2003 and attached to the Petition, was that the Board had no jurisdiction over the Los Angeles County Sheriff's Department, as it is not a state government agency. Petitioner's tort claim does not constitute exhaustion of administrative remedies and there is no evidence that Petitioner has taken steps to exhaust these remedies at the county level. Petitioner states only that he has exhausted his "state remedies against all the parties." (Petition at 2).

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.